IN THE UNITED STATES DISTRICT COURT
FORTH THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JENNIFER CRIDER RICKLIN-**                                                       **PLAINTIFFS**
**VORONSTOVA; ERIC J. CRIDER;**
**NATHAN D. RICKLIN;** *and*
**MEGAN R. WOOLWINE**

v.                                                            **CIVIL ACTION NO. 1:22-cv-333-TBM-RPM**

**JULIETTE HU CRIDER and HAIDEE L.**
**SHEFFIELD,** *Esquire, Administratrix,*
*CTA of the Estate of Lawrence E. Crider,*
*Deceased, Successor; Trustee of the Crider*
*Revocable Trust; Trustee of the Crider*
*Surviving Grantor's Trust, and Trustee of*
*the Crider Family Share Trust*                                       **DEFENDANTS**

**ORDER**

       This matter came before the Court on Defendant Haidee L. Sheffield's Motion to Dismiss [7]. At the hearing conducted on July 12, 2023, the Court, having considered the pleadings, the record, the oral arguments of counsel, and the relevant legal authority, announced on the record its detailed findings and conclusions.

       Below is a brief summary of the Court's reasoning. It does not include the full and particularized findings and conclusions articulated from the bench.

       The Court denied Sheffield's Motion to Dismiss [7] without prejudice and *sua sponte* ordered the Plaintiffs to file a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). As expounded on at the hearing, "[a] complaint that contains a 'bare bones' allegation that a wrong occurred and that does not plead any of the facts giving rise to the injury does not provide adequate notice." *Matthews v. Soc. Sec. of La.*, No. Civ.A.01-2267, 2002 WL 1022267, at *2 (E.D. La. May 20, 2002) (citation omitted). In such cases, a district court "court can *sua sponte* order a

plaintiff to submit a more definite statement" when allegations are "confusing, somewhat contradictory, and sufficiently unclear." *Momenian v. Davidson*, 878 F.3d 381, 391 (D.C. Cir. 2017); *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1275 (11th Cir. 2006) ("[D]istrict courts [have] their supervisory obligation to *sua sponte* order repleading pursuant to Federal Rule of Civil Procedure 12(e) when a shotgun complaint fails to link adequately a cause of action to its factual predicates."); *Beanal v. Freeport McMoran*, Inc., 197 F.3d 161, 164 (5th Cir. 1999) (approving the district court's *sua sponte* allowance of an amendment under Rule 12(e) where the plaintiff originally failed to plead with sufficient clarity).[1] Accordingly, the Court ordered the Plaintiffs to file a more definite statement of their breach of fiduciary duty claims pursuant to Rule 12(e). *Molina v. March*, No. Civ. A. 07-4296, 2008 WL 11388763, at * 2 (S.D. Tex. Nov. 20, 2008); *Shields v. Allstate Ins. Co.*, No. Civ. A. 08-2573, 2008 WL 3884326, at *4 (E.D. La. Aug. 18, 2008).

Numerous facts were raised in the parties' briefing and at the July 12, 2023, hearing which were not included in the complaint. In light of the nature of the decision that is required pursuant to the probate exception and *Colorado River* abstention, the better course of action is to have the facts raised by the parties to be pled in an amended complaint.

IT IS THEREFORE ORDERED AND ADJUDGED that Haidee L. Sheffield's Motion to Dismiss [7] is DENIED WITHOUT PREJUDICE.

---

[1] *See also Williams v. Certain Individual Emps. of Tex. Dep't of Criminal Justice-Institutional Div.*, 480 F. App'x 251, 254 n.1 (5th Cir. 2010) (observing that the district court *sua sponte* requested plaintiff to file a motion definite statement); *Reed v. Jones*, 483 F.2d 77, 79 (5th Cir. 1973) (stating that "the [district] court, *sua sponte*, might require the defendants to formulate and serve a motion for a more definite statement on petitioner under Rule 12(e) . . . in an effort to ascertain the facts for use in proceedings short of trial.").

IT IS FURTHER ORDERED that the Plaintiffs must file an amended complaint containing more definite statements of the claims asserted against the Defendants by August 2, 2023.

This, the 13th day of July, 2023.

                                                TAYLOR B. McNEEL
                                                UNITED STATES DISTRICT JUDGE