## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**JENNIFER CRIDER RICKLIN-**                                        **PLAINTIFFS**
**VORONSTOVA; ERIC J. CRIDER;**
**NATHAN D. RICKLIN;** *and*
**MEGAN R. WOOLWINE**

**v.**                                           **CIVIL ACTION NO. 1:22-cv-333-TBM-RPM**

**JULIETTE HU CRIDER** *and* **HAIDEE L.**
**SHEFFIELD,** *Esquire, Administratrix,*
*CTA of the Estate of Lawrence E. Crider,*
*Deceased, Successor; Trustee of the Crider*
*Revocable Trust; Trustee of the Crider*
*Surviving Grantor's Trust, and Trustee of*
*the Crider Family Share Trust*                                       **DEFENDANTS**

## ORDER

Following the death of Lawrence Crider, Haidee Sheffield was appointed as the temporary administratrix of the Estate of Lawrence Crider and the trustee of the Crider Family Share Trust. The Plaintiffs, each a beneficiary of either the Estate or the Crider Family Share Trust, allege that Sheffield breached her fiduciary duties in those roles and ask this Court to order Sheffield to pay them money damages, provide them with periodic accountings, and answer their questions.

In response, the Defendants have filed the instant Motion [16] to Dismiss arguing that this Court lacks jurisdiction over each of the Plaintiffs' claims based on the probate exception. Alternatively, the Defendants argue that this Court should abstain from exercising jurisdiction over the Plaintiffs' claims under the *Colorado River* abstention doctrine.

But neither the probate exception nor the *Colorado River* abstention doctrine applies to the Plaintiffs' claims. The probate exception is not applicable because the Plaintiffs' claims seek to

1

impose personal obligations on Defendant Sheffield and would not require this Court to assume *in rem* jurisdiction over any estate property in the custody of the probate court. And the *Colorado River* abstention doctrine is not applicable because there is not a suit with the same parties and issues pending in any state court. Accordingly, the Defendants' Motion [16] to Dismiss for lack of subject matter jurisdiction is denied.

## I. FACTUAL HISTORY

On June 21, 2018, Lawrence Crider and his wife Juliette Crider executed wills and created the Crider Revocable Trust. [15], p. 3. 11,950 shares of Muskegon Energy Company stock were assigned to the trust. *Id.*

After Lawrence Crider died on October 11, 2018, Juliette was named as the executrix of the Estate of Lawrence Crider and the successor trustee of the Revocable Trust. *Id.* at pp. 3-4. Eventually, Juliette was removed from both roles, and Haidee Sheffield was appointed as the temporary administratrix of the Estate and the temporary trustee of the Revocable Trust. *Id.* at p. 4.

Extensive litigation ensued between Lawrence Crider's children, Jennifer Ricklin and Eric Crider, and Juliette concerning several aspects of the Estate and Revocable Trust. *Id.* at p. 4. Then, on December 18, 2020, the parties reached a settlement agreement. *Id.* at p. 4. Based on that agreement, the parties signed and filed an Agreed Judgment of Dismissal, which was entered by the Chancery Court of Jackson County, Mississippi on April 19, 2021. *Id.* at p. 4. The Agreed Judgment created the Crider Family Share Trust (Family Trust). *Id.* at p. 4.

Pursuant to the Agreed Judgment, the following actions were taken in regard to the Family Trust: Sheffield was appointed as the trustee; Juliette was designated as the income beneficiary;

Lawrence Crider's grandchildren, Nathan Ricklin and Megan Woolwine, were designated as the remainder beneficiaries; and 7,966 shares of Muskegon Energy Company stock were distributed to Sheffield as trustee. *Id.* at p. 5.

The Agreed Judgment also provided for distributions of certain other assets of Lawrence Crider's Estate and the Revocable Trust. *Id.* at p. 5. Any remaining assets after those distributions were to be divided equally among Juliette, Jennifer, and Eric. *Id.* at p. 5.

On April 2, 2022, Sheffield provided Jennifer and Eric with a copy of the check register showing a balance of $344,756.34 in the account for the Estate of Lawrence Crider. *Id.* at p. 5. Sheffield subsequently provided an updated copy of the check register on June 12, 2022, which showed a balance of $14,165.05 in the Estate account. *Id.* at p. 6. The register also showed that Sheffield had issued three checks from that account to the following recipients: the Mississippi Department of Revenue in the amount of $16,000, the Michigan Department of Treasury in the amount of $45,000, and the United States Department of Treasury in the amount of $260,000. *Id.* at p. 6.

According to Jennifer and Eric, these tax payments were for amounts due by the Family Trust and not by the Estate. *Id.* at p. 6. The Estate, they contend, is a completely separate entity from the Family Trust. *Id.* at p. 6. And, while the Family Trust was required to pay taxes, the Estate was not required to do so because it had received the distribution deduction provided for in 26 U.S.C. Section 651(a). *Id.* at p. 6. Instead, Jennifer and Eric were taxed on the income of the Estate in their individual income tax returns. *Id.* at p. 6.

Jennifer and Eric argue that by making these payments on behalf of the Family Trust with funds from the Estate, Sheffield, in her capacity as temporary administratrix of the Estate, breached her duty of prudent administration and her duty to inform. *Id.* at pp. 9-11.

Meanwhile, Nathan and Megan allege that Sheffield, in her capacity as trustee of the Family Trust, violated various fiduciary duties owed to them as the remainder beneficiaries. *Id.* at p. 11. Namely, they argue that Sheffield violated her duty of loyalty and her duty to inform and report when she failed to keep them reasonably informed about the administration of the Family Trust. *Id.* at pp. 11-12.

Nathan and Megan also allege that Sheffield violated her duty to act impartially and to administer the trust when she made a $955,980 payment to Juliette, the income beneficiary of the Family Trust. *Id.* at p. 12. That payment represented the 2021 distribution to the Family Trust from the Muskegon Energy Company. *Id.* at p. 12. And, while money a trust receives from an entity generally goes to the income beneficiary, Nathan and Megan argue that this distribution came from a partial liquidation pursuant to Mississippi Code Section 91-17-401. *Id.* at p. 12. As such, the distribution should have instead gone to the principal. *Id.* at p. 12.

But, after the Mississippi Supreme Court held that the Muskegon Energy Company distribution was not from a partial liquidation and that Sheffield properly made the payment to Juliette, Nathan and Megan conceded both of their claims related to that payment.[1] *Crider Family Share Trust v. Sheffield*, No. 2022-CA-00191-SCT, 2024 WL 485467, at *3-4 (Miss. Feb. 8, 2024).

---

[1] The Plaintiffs conceded cause of action three, breach of the duty of impartiality, and cause of action four, breach of the duty to administer the trust, at the February 15, 2024 status conference that was held to address the impact of the Mississippi Supreme Court's decision in *Crider Family Share Trust v. Sheffield*. Therefore, those two claims are dismissed without prejudice.

Accordingly, the two remaining claims are (1) Jennifer and Eric's claim that Sheffield violated fiduciary duties owed to them when she used funds from the Estate to pay the Family Trust's taxes and (2) Nathan and Megan's claim that Sheffield violated fiduciary duties owed to them when she failed to keep them reasonably informed about the administration of the Family Trust. Jennifer and Eric contend that they are each entitled to one-third of the $321,000 wrongfully paid by Sheffield. [15], p. 13. Nathan and Megan, meanwhile, ask for a judgment against Sheffield requiring her to provide them with periodic accountings and answers to their questions. *Id.*

Defendants Haidee Sheffield and Juliette Crider filed the present Motion [16] to Dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. They argue that this Court does not have jurisdiction over the Plaintiffs' claims pursuant to the probate exception. [16], pp. 1-2. Alternatively, the Defendants argue that this Court should abstain from exercising jurisdiction over these claims pursuant to the *Colorado River* abstention doctrine. *Id.*

## II. Analysis

### A. The Probate Exception

"Federal jurisdiction ordinarily exists over lawsuits that could have been brought in a state court, so long as complete diversity of citizenship and the requisite amount in controversy are present." *Breaux v. Dilsaver*, 254 F.3d 533, 536 (5th Cir. 2001) (citing *Turton v. Turton*, 644 F.2d 344, 347 (5th Cir. 1981)). But "the probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court." *Marshall v. Marshall*, 547 U.S. 293, 311-12, 126 S. Ct. 1735, 164 L. Ed. 2d 480 (2006).

5

In *Marshall*, the United States Supreme Court emphasized the "distinctly limited scope" of the probate exception after several lower federal courts had read its prior decisions "to block federal jurisdiction over a range of matters well beyond probate of a will or administration of a decedent's estate." *Id.* at 310-11. *Marshall* dealt with whether an individual could bring a claim for tortious interference with an expected inheritance in federal court while probate was ongoing in a state court. *Id.* at 301. The Supreme Court first determined that the tortious interference claim did not "involve the administration of an estate, the probate of a will, or any other purely probate matter." *Id.* at 312. It then determined that the plaintiff was not "seek[ing] to reach a *res* in the custody of a state court." *Id.* at 312. Instead, the plaintiff sought "an *in personam* judgment against [the defendant.]" *Id.* at 312. As such, the probate exception did not apply to the plaintiff's claim, and the district court properly exercised jurisdiction over that claim. *Id.* at 314.

Following the Supreme Court's *Marshall* decision, the Fifth Circuit set forth its understanding of how the probate exception was to be applied:

> [T]o determine whether the probate exception deprives a federal court of jurisdiction, *Marshall* requires a two-step inquiry into (1) whether the property in dispute is estate property within the custody of the probate court and (2) whether the plaintiff's claims would require the federal court to assume *in rem* jurisdiction over that property. If the answer to both inquiries is yes, then the probate exception precludes the federal district court from exercising diversity jurisdiction.

*Curtis v. Brunsting*, 704 F.3d 406, 409 (5th Cir. 2013). Given the Supreme Court's pronouncement in *Marshall* and the test set forth by the Fifth Circuit, neither of the Plaintiffs' remaining claims falls under the probate exception.

1. **Whether the Plaintiffs' first claim falls under the probate exception.**

The Plaintiffs' first claim is against Sheffield in her capacity as the temporary administratrix of the Estate. Plaintiffs Jennifer Ricklin and Eric Crider allege that Sheffield

6

breached her duty of prudent administration and her duty to inform when she allegedly used funds from the Estate to pay taxes owed by the Family Trust. And they ask this Court to order Sheffield to pay them each one-third of the $321,000 they allege was wrongfully spent.

In their Memorandum [17] in support of their Motion to Dismiss, the Defendants argue that the primary dispute is rooted in Estate property and that any money allegedly diverted from the Estate belongs to the Estate.[2] [17], p. 6. The Defendants further argue that this Court would be required to "assume control over the Estate's assets, the $321,000, and distribute the same[.]" *Id.* at p. 7. But the Plaintiffs do not seek any Estate property. Instead, they request a judgment *in personam* against Sheffield for money damages. [15], p. 13.

The Fifth Circuit dealt with a similar issue in *Breaux v. Dilsaver*. In that case, the plaintiffs sued the administrator of two decedents' estates for fraud and breach of his fiduciary duties. *Breaux*, 254 F.3d at 535. The plaintiffs alleged that the administrator "abused his positions as curator, administrator and executor to misallocate certain community property in order to enhance his wife's share of the inheritance." *Id.* In determining whether the claims fell under the probate exception, the Fifth Circuit considered whether the claims "implicate[d] the validity of the probate proceedings or whether the plaintiff[s] [were] merely seeking adjudication of a claim between the parties." *Id.* at 536 (internal quotation marks omitted) (quoting *Blakeney v. Blakeney*, 664 F.2d 433,

---

[2] The only case the Defendants cite in support of their contention that any money allegedly diverted from the Estate must be returned to the Estate is *Matter of Estate of Brown*. But *Brown* is readily distinguishable from the present case. First, *Brown* involved a motion to remand that was filed after the defendant removed the *entire* probate matter from the state chancery court. *In re Est. of Brown*, 650 F. Supp. 3d 515, 518 (S.D. Miss. 2023) (emphasis added). The present case was not removed from chancery court and does not consist of the entire probate matter. Second, one of the plaintiffs in *Brown* was the estate itself, which sought to have returned to it the assets allegedly stolen by the defendant. *Id.* at 517. In the present case, the Estate is not a party, none of the plaintiffs seek relief on behalf of the Estate, and none of the plaintiffs ask to have property returned to the Estate. And finally, *Brown* involved a claim of undue influence against a relative of the decedent, not a claim for breach of fiduciary duty against an executor or administrator of an estate. *Id.* at 519-20.

7

434 (5th Cir. 1981)). It noted that the plaintiffs' claims were against the administrator personally, not against either estate, and that granting relief to the plaintiffs would not require "a federal court [to] assume control of estate property." *Id.* at 537. Therefore, the Fifth Circuit held that the probate exception did not apply to the plaintiffs' claims and that "[f]ederal diversity jurisdiction [was] proper." *Id.* at 537.

Several other federal circuit courts have reached a similar conclusion for claims alleging that an executor or administrator breached a fiduciary duty. *See Lefkowitz v. Bank of N.Y.*, 528 F.3d 102, 107-08 (2d Cir. 2007) (holding that an *in personam* claim for breach of fiduciary duty against the administrator of an estate did not fall under the probate exception); *Osborn v. Griffin*, 865 F.3d 417, 434 (6th Cir. 2017) (alteration in original) (internal quotation marks omitted) (concluding that the probate exception did not apply when the plaintiff "(i) seeks an *in personam* judgment against [the defendant], not the probate or annulment of a will; and (ii) does not seek to reach a *res* in the custody of a state court"); *Glassie v. Doucette*, 55 F.4th 58, 68 (1st Cir. 2022) (finding that "[i]n *Marshall's* wake, several of our sister circuits have found that the probate exception does not bar claims for breach of fiduciary duty against an executor simply because the underlying conduct involves estate assets" before making that same determination).

And in *Marshall*, the United States Supreme Court specifically cited, as wrongly decided, cases in which courts had held that claims for breach of fiduciary duty by an executor fell under the probate exception. *Marshall*, 547 U.S. at 311 (citing *Mangieri v. Mangieri*, 226 F.3d 1, 2-3 (1st Cir. 2000); *Golden ex rel. Golden v. Golden*, 382 F.3d 348, 360-62 (3d Cir. 2004)).

Similarly, Jennifer and Eric ask this Court to find that Sheffield breached fiduciary duties in her role as temporary administratrix of the Estate. And they each request an *in personam*

8

judgment against Sheffield for $107,000. They do not request that this Court assume *in rem* jurisdiction over any property of the Estate in the custody of the probate court and award it to them. Accordingly, their claim does not fall under the probate exception.

### 2. Whether the Plaintiffs' second claim falls under the probate exception.

The Plaintiffs' second claim is against Sheffield in her capacity as the trustee of the Family Trust. Plaintiffs Nathan Ricklin and Megan Woolwine allege that Sheffield breached her duty of loyalty and her duty to inform and report when she failed to keep them reasonably informed about the administration of the Family Trust. And they ask this Court to order Sheffield to provide them with periodic accountings and answers to their questions.

In their Memorandum [17] in support of their Motion to Dismiss, the Defendants argue that all of the Plaintiffs' claims are barred by the probate exception. [17], pp. 4-5. Yet they only put forth arguments as to why the first claim is barred by the probate exception. Nonetheless, this Court finds that ordering Sheffield to provide the Plaintiffs with periodic accountings and answers to their questions about the Family Trust would not require it to assume *in rem* jurisdiction over any estate property in the custody of the probate court.[3] Therefore, this claim likewise does not fall under the probate exception.

Because neither of the Plaintiffs' claims falls under the probate exception, this Court is not barred from exercising jurisdiction over them.

### B. *Colorado River* Abstention

---

[3] "If a court's jurisdiction is based on its authority over the defendant's person, the action and judgment are denominated 'in personam' and can impose a personal obligation on the defendant in favor of the plaintiff. If jurisdiction is based on the court's power over property within its territory, the action is called 'in rem' or 'quasi in rem.'" *Shaffer v. Heitner*, 433 U.S. 186, 199, 97 S. Ct. 2569, 53 L. Ed. 2d 683 (1977). Here, the Plaintiffs merely seek to have this Court impose a personal obligation—providing the Plaintiffs with periodic accountings and answers to their questions—on Sheffield.

Alternatively, the Defendants argue that this Court should abstain from exercising jurisdiction over the Plaintiffs' claims under the *Colorado River* abstention doctrine. "The *Colorado River* abstention doctrine is based on principles of federalism, comity, and conservation of judicial resources." *Black Sea Inv., Ltd. v. United Heritage Corp.*, 204 F.3d 647, 650 (5th Cir. 2000) (citing *Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d 1185, 1189 (5th Cir. 1988)). "It represents an 'extraordinary and narrow exception' to the 'virtually unflagging obligation of the federal courts to exercise the jurisdiction given [to] them.'" *Id.* (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813, 817, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976)).

"Under the *Colorado River* doctrine, a court may abstain from a case that is part of parallel, duplicative litigation under 'exceptional circumstances.'" *Saucier v. Aviva Life and Annuity Co.*, 701 F.3d 458, 462 (5th Cir. 2012) (quoting *Kelly Inv., Inc. v. Cont'l Common Corp.*, 315 F.3d 494, 497 (5th Cir. 2002)). "*Colorado River* discretion to stay is available only where the state and federal proceedings are parallel—i.e., where the two suits involve the same parties and the same issues." *Am. Guarantee & Liab. Ins. Co. v. Anco Insulations, Inc.*, 408 F.3d 248, 251 (5th Cir. 2005). Therefore, a district court must first determine that the state suit and the federal suit are indeed parallel. *Id.*

The Defendants argue that because "both the parties are identical and the claims pertain to substantially similar subject matter, it is undeniable that this current matter and the Estate are parallel." [17], p. 11. But, as the record reveals, the Plaintiffs do not currently have any claims pending against the Defendants in state court. *See Am. Guarantee*, 408 F.3d at 252 (finding that one of the reasons the state and federal actions were not parallel was that the federal action had a claim that was not present in the state action). The only state court claims that were pending have

10

been resolved by the Mississippi Supreme Court's ruling in *Crider Family Share Trust v. Sheffield*, 2024 WL 485467, at *3-4. And the Plaintiffs have conceded the claims that actually relate to that ruling.

Because there is not a pending state action that is parallel to this federal action, this Court "lack[s] discretion under *Colorado River* to stay [this case] in favor of the state suit." *Am. Guarantee*, 408 F.3d at 252.

For all these reasons, the Defendants' Motion [16] to Dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure is DENIED.

Additionally, based on the Plaintiffs' concession at the February 15, 2024 status conference, the Plaintiffs' claims against Sheffield for breach of the duty of impartiality and breach of the duty to administer the trust in relation to the Crider Family Share Trust are DISMISSED WITHOUT PREJUDICE.

**SO ORDERED AND ADJUDGED**, this the 28th day of March, 2024.

_____
TAYLOR B. McNEEL
UNITED STATES DISTRICT JUDGE